IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DENISE L. MOORE,

      Plaintiff,

v.

CITY OF COLUMBUS, et al.,

      Defendant.

Case No. 2:08-cv-45

JUDGE EDMUND A. SARGUS, JR.

MAGISTRATE JUDGE TERENCE P. KEMP

## OPINION AND ORDER

Plaintiff Denise Moore brought this discrimination action alleging that Defendants City of Columbus, Paul Rakosky, and Ann Kelly ("Defendants") violated Plaintiff's rights under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, and Ohio's discrimination statutes, Ohio Revised Code §§ 4112.02 and 4112.99, by wrongfully terminating Plaintiff's employment. This matter is before the Court for consideration of Defendants' Motion for Summary Judgment (Document 17) and Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction by the Court and Attorney's Fees (Document 19).

For the reasons set forth below, Defendants' motion for summary judgment is **GRANTED IN PART**. The Court hereby **DISMISSES** Plaintiffs' claims under Title VII. Plaintiff's motion to remand and for attorney's fees is **GRANTED IN PART** and **DENIED IN PART**. The Court declines to exercise its supplemental jurisdiction over Plaintiffs' remaining state law claims, which are hereby **REMANDED** to the Common Pleas Court of Franklin County, Ohio. The Court **DENIES** Plaintiff's request for attorney's fees.

### I. Allegations

Plaintiff was employed by the City of Columbus from January 10, 2005 until her termination on December 9, 2005. (Def.'s Mot., Ex. A.; Compl. ¶ 6A.) Believing her

termination and treatment to be discriminatory, Plaintiff filed a charge with the Ohio Civil Rights Commission ("OCRC") on January 3, 2006. (Def.'s Mot., Ex. A.) The OCRC dismissed the case on October 5, 2006, finding that no probable cause existed to believe that Defendants had engaged in unlawful discrimination. (*Id.*) It is undisputed that the U.S. Equal Employment Opportunity Commission ("EEOC") adopted the findings of the OCRC and sent Plaintiff a right-to-sue letter on December 14, 2006. (Def.'s Mot., Ex. B; Pl.'s Mot. 3.) It is also undisputed that Plaintiff originally filed this action in the Court of Common Pleas of Franklin County, Ohio on December 7, 2007, almost twelve months after she had received her right-to-sue letter. (Pl.'s Mot., Ex. 1.) Defendants removed the case to this Court on January 15, 2008 pursuant to 18 U.S.C. §§ 1441 and 1446. (Pl.'s Mot., Ex. 2.)

On November 26, 2008, Defendants moved for summary judgment on Plaintiff's federal claims based on the fact that Plaintiff's complaint was not filed within 90 days of receiving her right-to-sue letter. Defendants also requested the Court to dismiss Plaintiff's supplemental state law claims. (Defs.' Mot. 3–5.) Plaintiff concedes that her action was not filed within 90 days of receiving her right-to-sue letter but asks the Court to remand her remaining state law claims to the Court of Common Pleas of Franklin County, Ohio. (Pl.'s Mem. Contra 7, 10; Pl.'s Mot. 3–4.) Plaintiff also seeks attorney's fees under 28 U.S.C. § 1447(c), contending that Defendants' removal of this action was objectively unreasonable. (Pl.'s Mot. 5–7.)

## II. **Plaintiff's Federal Claims**

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the evidence must be viewed in the light most favorable to the

nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 654–55 (1962). Summary judgment is not appropriate in the face of a genuine dispute about a material fact, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is warranted, however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Matsushita Elec. Indus. Co., Ltd v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

Defendants contend that Plaintiff's Title VII claims must be dismissed because she failed to bring her claim within 90 days after obtaining her right-to-sue letter, as required by 42 U.S.C. § 2000e-5(f)(1). That statute states:

> If a charge filed with the Commission [EEOC] [for unlawful employment practices] is dismissed by the Commission . . . the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . by the person claiming to be aggrieved[.]

42 U.S.C. § 2000e-5(f)(1). There is a rebuttable presumption that the 90-day limitation begins running five days following the Commission's notice. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000).

In this case, Plaintiff's right-to-sue notice from the EEOC is dated December 14, 2006. (Def.'s Mot., Ex. B; Pl.'s Mot. 3.) Assuming Plaintiff received the letter on December 19, 2006, she was required to file her Title VII claims by March 19, 2007. *See Graham-Humphreys*, 209 F.3d at 557. As Plaintiff concedes, she filed her claims in state court on December 7, 2007, well outside the 90-day window. (Pl.'s Mot. 3–4.) The Court finds that there is no genuine issue as to any material fact and that Defendants are entitled to judgment as a matter of law as to Plaintiff's claims under Title VII.

### III. Plaintiff's State Law Claims

The Court has original jurisdiction over Plaintiff's Title VII claims under 28 U.S.C. § 1331, which provides for jurisdiction over questions of federal law, and has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. Section 1367 provides that a court may decline to exercise supplemental jurisdiction over a plaintiff's state law claims if the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Thus, because the Court has dismissed Plaintiff's only federal claims, the Court may decline to exercise jurisdiction over her remaining state law claims. Rather than dismissing those claims without prejudice, however, the Court should remand them to state court. The Sixth Circuit has held that "[i]n cases that have been removed to federal court . . . when all federal claims have been dismissed before trial, the best course is to remand the state law claims to the state court from which the case was removed." *Novak v. MetroHealth Med. Ctr.*, 503 F.3d 572, 583 (6th Cir. 2007) (vacating the dismissal of the plaintiff's state law claims so that they "may be remanded to the state court from whence they came") (citing *Thurman v. Daimler Chrysler, Inc.*, 397 F.3d 352, 359 (6th Cir. 2004)).

Neither party asserts that this Court should retain jurisdiction over Plaintiff's state law claims. Because the Court disposes of Plaintiff's federal claims by this Order, the Court declines to exercise supplemental jurisdiction over her remaining state law claims pursuant to § 1367(c)(3), and hereby remands those remaining state claims to the Court of Common Pleas of Franklin County, Ohio.

### IV. Attorney's Fees

Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The

did not abuse its discretion to award fees . . . [where] [n]either diversity nor federal question jurisdiction served as a proper basis for removal").

The Court finds that Defendants had an objectively reasonable basis for removal even if Defendants knew that Plaintiff's Title VII claims were untimely. This Court retains original jurisdiction over Plaintiff's Title VII claims despite her untimely filing, and Plaintiff could have alleged circumstances appropriate for equitable tolling, waiver, or estoppel. *See Truitt*, 148 F.3d at 646–47. Because Defendants had an objectively reasonable basis for removal, the Court will not award attorney's fees. Finally, the Court notes that to grant Plaintiff's request for attorney's fees, it would have to conclude that the Title VII claim referred to in her complaint was wholly baseless. If this were the case, Plaintiff could not show entitlement to attorney's fees.

## V. Conclusion

Defendant's Motion for Summary Judgment (Document 17) is **GRANTED IN PART**. The Court hereby **DISMISSES** Plaintiff's claims under Title VII. Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction by the Court and Attorney's Fees (Document 19) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's state law claims are hereby **REMANDED** to the Court of Common Pleas of Franklin County, Ohio. The Court **DENIES** Plaintiff's request for attorney's fees.

The Clerk is directed to enter judgment and to mail a certified copy of this order of remand to the clerk of the Court of Common Pleas of Franklin County, Ohio, in accordance with 28 U.S.C. § 1447(c).

6-10-2009
**DATED**

**EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE**